IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY MITCHELL, #466864, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EAST ST. LOUIS POLICE DEPT. )<br>JOHN DOE 1 (Badge #E302), )<br>and JOHN DOE 2 (Badge #282), )<br>)<br>Defendants. ) | Case No. 20-cv-00736-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Jeremy Mitchell, a former detainee at St. Clair County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 12). In the First Amended Complaint, Plaintiff claims that he was unlawfully detained, arrested, and charged with several felonies in East St. Louis, Illinois, on or around July 22, 2018. (*Id*. at 6). He brings an Eighth Amendment deliberate indifference claim against East St. Louis Police Department and two officers who were called to the scene, John Doe 1 (Badge #E302) and John Doe 2 (Badge #282). (*Id*.). Plaintiff seeks dismissal of all charges[1] against him and money damages. (*Id*. at 7).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant

---

[1] Section 1983 does not authorize dismissal of pending criminal charges. To the extent Plaintiff would like this relief, he should pursue all available defenses in his criminal case.

1

must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

The First Amended Complaint sets forth the following allegations (Doc. 12, p. 6): While Plaintiff was using a bank ATM in East St. Louis, Illinois, on or around July 22, 2018, a passerby fired shots out of a vehicle window in the direction of Plaintiff's vehicle. Plaintiff's mother contacted the East St. Louis Police to report the incident. Two officers were called to the scene, John Doe 1 (Badge #E302) and John Doe 2 (Badge #282). Only one showed up (*i.e.*, an older white male).

At the time, Plaintiff was admittedly behaving in an aggressive manner that put others around him in danger. Instead of investigating the shooting, the responding officer placed Plaintiff in handcuffs and made him sit in the squad car while his vehicle was searched. The officer found a weapon, drugs, and $1,000. Rather than immediately arresting him for possession of narcotics or a weapon,[2] however, the officer simply told Plaintiff that he was free to go. Meanwhile, the officer kept the drugs and money and took no steps to find the shooter. Thirty minutes passed before Plaintiff "caught some felony charges." (*Id.*). Plaintiff claims that the officers violated the Eighth Amendment by failing to protect and serve. (*Id.*). He seeks dismissal of the pending criminal charges and monetary relief. (*Id.* at 7).

### Discussion

Based on the allegations, the Court finds it convenient to organize the *pro se* First Amended Complaint into the following enumerated Counts:

> **Count 1:**   Eighth Amendment deliberate indifference claim against Defendants for failing to protect and serve on or around July 22, 2018.

---

[2] At the time, Plaintiff was apparently on parole. (*Id.* at 6).

    **Count 2:**    Fourth Amendment claim against Defendants for unlawfully detaining Plaintiff in an East St. Louis bank parking lot on or around July 22, 2018.

    **Count 3:**    Fourth Amendment claim against Defendants for unlawfully searching Plaintiff's vehicle in an East St. Louis bank parking lot on or around July 22, 2018.

    **Count 4:**    Fourth Amendment claim against Defendants for unlawfully seizing drugs and money from Plaintiff's vehicle on or around July 22, 2018.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Count 1

Plaintiff invokes the Eighth Amendment in connection with deliberate indifference claims against the East St. Louis Police Department and two unknown officers—only one of whom reported to the scene. The Eighth Amendment prohibits the cruel and unusual punishment of convicted persons. *See* U.S. CONST. amend VIII. Plaintiff was not a convicted prisoner during the relevant time period, so the Eighth Amendment does not govern his claims against the defendants. Count 1 shall therefore be dismissed with prejudice against the defendants.

### Counts 2, 3, and 4

The Fourth Amendment guards against unreasonable searches and seizures. U.S. CONST. amend. IV. Every search or seizure by a government agent must be reasonable. *Id*. The Supreme Court has generally interpreted this requirement to mean that an arrest or search must be supported by a warrant or probable cause. *Katz v. United States*, 389 U.S. 347, 357 (1967) The reasonableness of a search or seizure "within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case." *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976).

For example, officers may conduct brief investigatory stops of a suspect "if they have reasonable suspicion based on articulable facts that a crime is about to be or has been committed."

*United States v. Carlisle*, 614 F.3d 750 (7th Cir. 2010) (citations omitted).  There may be an innocent explanation for the suspicious conduct, but an officer may detain the individual to resolve the ambiguity.  *Id*. (citing *United States v. Wardlow*, 528 U.S. 119, 125-26 (2000)).  A seizure "occurs when a reasonable person . . . would believe that his liberty has been restrained." *United States v. Lewis*, 608 F.3d 996, 1000 (7th Cir. 2010).

Under the Fourth Amendment, a police officer may temporarily detain an individual for questioning or limited investigation if the officer has reasonable suspicion that the person has committed or is about to commit a crime.  *United States v. LePage*, 477 F.3d 485, 487 (7th Cir. 2007).  In contrast, an arrest requires a warrant or probable cause.  *United States v. Vega*, 72 F.3d 507, 515 (7th Cir. 1995).  The probable cause determination hinges on "the common-sense judgment of the officers based on the totality of the circumstances."  *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010).  If probable cause is found to exist, it serves as an "absolute defense to any claim under Section 1983 against police officers for wrongful arrest."  *Jackson*, 627 F.3d at 638 (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)).

The officer may also conduct a warrantless "protective search" to look for weapons that might be used to harm the officer, *see Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993), or detain an item if there is reasonable suspicion to believe that it contains a weapon, contraband, or other evidence of a crime and the "exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present," *see United States v. Place*, 462 U.S. 696, 708-09 (1983).  A warrantless search or seizure may also be conducted to preserve evidence (such as narcotics) when the evidence is in immediate danger of removal or destruction.  *See, e.g., Ker v. State of California*, 374 U.S. 23, 40-42 (1963) (warrantless seizure of marijuana supported by reasonable belief drug could be easily destroyed or hidden).

Plaintiff articulates no colorable claim against the defendants under the Fourth Amendment. He does not allege or suggest that the officer failed to act on reasonable suspicion or probable cause when temporarily detaining him, searching his vehicle, or detaining contraband. On the contrary, Plaintiff suggests that the officer acted reasonably and in response to his aggressive and violent behavior in the bank parking lot on July 22, 2018. Plaintiff admits that his behavior posed safety issues to those around him at the time. Plaintiff actually suggests that he should have been arrested, instead of released for thirty minutes, before felony charges were brought against him. Given the presentation of facts by Plaintiff, the Court finds no colorable Fourth Amendment claim against any of the defendants. Counts 2, 3, and 4 shall therefore be dismissed without prejudice.

### Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 12) does not survive screening. **COUNT 1** is **DISMISSED** with prejudice, and **COUNTS 2, 3,** and **4** are **DISMISSED** without prejudice, all for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 4, 2021**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 20-cv-00736-JPG). To enable Plaintiff to comply with this

Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/6/2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**