# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY MITCHELL, #466864, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00736-JPG |
| ) | |
| EAST ST. LOUIS POLICE DEPT., ) | |
| JOHN DOE 1, and ) | |
| JOHN DOE 2, ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff filed this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights in connection with his arrest and detention in East St. Louis, Illinois, on July 22, 2018. (Doc. 1). The Court screened this matter pursuant to 28 U.S.C. § 1915A. (Docs. 12 and 15). The First Amended Complaint did not survive preliminary review and was dismissed without prejudice on May 6, 2021. (Doc. 15). Plaintiff was granted leave to file a Second Amended Complaint on or before June 4, 2021. (*Id.*). He was warned that failure to do so would result in dismissal of the action with prejudice and the assessment of a "strike." (*Id.*) (citing FED. R. CIV. P. 41(b); 28 U.S.C § 1915(g)).

Plaintiff missed the deadline for filing a Second Amended Complaint. More than two weeks have passed since the deadline expired, and he has not requested an extension of time. The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 15) to file a Second Amended Complaint and/or to prosecute his claims. FED. R. CIV. P. 41(b). This dismissal counts as a "strike" under Section 1915(g).

1

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 15) to file a Second Amended Complaint and/or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Because the underlying First Amended Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/22/2021**                                    s/J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **United States District Judge**